**5**

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 13-28842-C-13C |
| | ) | DCN:  TSB-1 |
| | ) | |
| JOHN E. MITCHELL, | ) | TRUSTEE'S OBJECTION TO |
| SHIRLEY A. MITCHELL, | ) | CONFIRMATION |
| | ) | |
| | ) | DATE:        SEPTEMBER 10, 2013 |
| | ) | TIME:         2:00 P.M. |
| | ) | JUDGE:       KLEIN |
| Debtor(s)    ) | | COURTROOM:   33 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does

not recommend its confirmation.

The Trustee objects to confirmation as:

1.  FAILED TO ATTEND 341  The Debtors both failed to appear at the First Meeting

held on August 1, 2013, the Meeting has been continued to August 29, 2013 at 10:30 a.m.  The

Trustee does not have sufficient information to determine whether or not the case is suitable for

confirmation with respect to 11 U.S.C. § 1325.

1

2. <u>FAILED TO MAKE PLAN PAYMENT</u>  All sums required by the plan have not been paid, 11 U.S.C. §1325(a)(2). The Debtors are $247.00 delinquent in plan payments to the Trustee to date and the next scheduled payment of $247.00 is due on August 25, 2013.  The Debtors have paid $0.00 into the plan to date.

3. <u>NOT BEST EFFORTS</u>  The Debtors' Plan is not the Debtors best effort under 11 U.S.C. § 1325(b).  Debtors are above median income and propose a 60 month plan paying $247.00 per month with a 14% guaranteed dividend to unsecured claims.

On Schedule I, Debtors report that Debtor Shirley Mitchell is a self-employed artist/teacher, but show no income for operation of a business.  On Schedule J, Debtors do however, deduct $430.00 per month for business expenses.   On the 2012 Tax Return, the Debtors do no report any income from operation of a business nor do they report any business expenses. (See Tax Return, Exhibit A).   The Statement of Financial Affairs #1, shows income from self-employment for joint debtor as $0.00 for 2011, 2012 and 2013.  It appears the business is operating at a loss each month, at the expense of the unsecured creditors.  The Plan should increase by $430.00 per month.

4. <u>LINE 59 SHOULD BE POSITIVE</u>   Based on a review and recalculation of Form B22, it appears that line 59 should be positive $798.03.  Currently the Debtors show line 59 negative $376.06.

On line #30 (taxes), Debtors deduct $1,425.13 for monthly tax deductions.  Debtors deduct $1,208.91 for taxes on Schedule I.   $216.22 should be added back into line #59.

On line #44, Debtors deduct $36 for additional food and clothing expense.  Line 44 states, the Debtor <u>must</u> demonstrate the claim is reasonable and necessary, but have not done so. $36.00 should be added back into line #59.

On line #57, Debtors deduct $921.87.  Debtors itemize this deduction in 3 categories: a) Business expense/artist $35.87, b) business expense/rent $430.00 c) reduction in pension annuity effective 6/30/13 $456.00.

a/b) The Debtor has no income from operation of a business and should not be entitled to deduct for business expenses (expense a & b on form) when no income is generated.  It appears the Debtor business is being operated at the expense of the unsecured creditors.

c)     The Debtor deducts $456.00 for reduction of pension annuity effective June 30, 2013.  Debtors have failed to indicate how long they were receiving the pension at the original amount of $3,127.00; they do not indicate why the pension is now being reduced, how long the reduction will last, or if this reduction was voluntarily requested.  The Debtor is currently contributing an additional $489.58 per month toward his future retirement as well. (See Schedule I).

$921.87 should be added back into line #59.

5.  MAY FAIL LIQUIDATION  The Debtors' Plan may fail the Chapter 7 liquidation analysis under 11 U.S.C. §1325(a)(4).

The Debtors report on Schedule A, interest in real property located at 1557 S. Carmelina Ave, Los Angeles, CA 90025-3621.  The Debtors list the value of the real property at $733,000.00 and liens totaling $643,434.51 leaving equity of approximately $89,565.49.  Debtors exempt equity in the property under C.C.C.P. § 704.730, claiming a total exemption of $175,000.00.  The Trustee is unable to verify whether the Debtors are entitled to the claimed exemption as the Debtors failed to attend their First Meeting of Creditors scheduled for August 1, 2013.

On Schedule A, the Debtors state "House needs numerous repairs including dry rot, termite eradication/damage and earthquake damage. Est. $136,500.00 for repair". (See Schedule A Court docket #1, page 12).

On July 15, 2013, a representative of the Trustee visited Zillow.com, a website which provides an estimated value of real property, which lists the "zestimate" of the subject property at $956,798.00 (the value range of $593,000.00 to $1.35M). The Zillow report is provided as Exhibit B.

On July 15, 2013, a representative of the Trustee emailed Debtors' counsel, requesting the Debtors provide evidence of the damages to the property and estimates of the needed repairs on the property, indicating that Zillow listed the value of the home higher.

August 1, 2013, Debtors' counsel provided the Trustee with a list of needed repairs and photographs of the damages to the property which need repair. This alone is insufficient to support the difference in the value the Debtors report on Schedule A. The Debtors have not supplied the Trustee with estimates for repairs.

The Trustee has insufficient information to determine whether the plan satisfies the Chapter 7 liquidation analysis. Based on Zillow.com report of the value of the real property it appears with or without the Debtors' claimed exemption, the plan will fail liquidation:

| | |
|---|---|
| Value: | $956,798.00 |
| Liens: | $643,734.51 |
| Equity | $313,063.49 |
| Claimed Exemption | $175,000.00 |
| Net Equity | $138,063.49 |

4

6. <u>ALL KNOWNS NAMES NOT REPORTED</u>  The Debtors' petition fails to reflect their full names.  Instead the petition lists only the initials for middle names.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan.

Dated:  AUGUST 7, 2013

_____
Talvinder S. Bambhra, Attorney for Trustee